JENKS, GAYNOR and RICH, JJ., concurred; HOOKER, J., dissented.

Order of the County Court of Westchester county sustaining the demurrers to the indictment affirmed.

---

JAMES H. MURPHY, an Infant, by JOHN P. MURPHY, His Guardian ad Litem, Appellant, v. EMANUEL DREW, Respondent.

Second Department, June 15, 1906.

Conversion — when error to reverse judgment for infant plaintiff on ground that case was tried on wrong theory.

In an action by an infant to recover the value of a colt left with the defendant to pasture, when the answer alleges that the plaintiff gave the colt to the defendant, but on trial the defendant is allowed to prove the value of pasturage, etc., which evidence the jury is allowed to consider and renders a verdict in favor of the plaintiff, indicating that the jury deducted the value of the pasturage from the value of the colt, the verdict should not be reversed by the County Court on the ground that the case was tried on the theory that the facts alleged in the answer were not available against the plaintiff on account of his infancy.

GAYNOR and JENKS, JJ., dissented, with opinion.

APPEAL by the plaintiff, James H. Murphy, an infant, by John P. Murphy, his guardian ad litem, from a judgment of the County Court of Orange county in favor of the defendant, entered in the office of the clerk of the county of Orange on the 5th day of October, 1905, reversing a judgment rendered in the Justice's Court of the town of Deerpark.

*William P. Gregg,* for the appellant.

*Frank Lybolt,* for the respondent.

HOOKER, J.:

This is an appeal from a judgment of the Orange County Court reversing a judgment of the justice of the peace entered after the

verdict of a jury in favor of the plaintiff. The evidence was con-
flicting. There was sufficient evidence to support the verdict of
the jury to the effect that the plaintiff was the owner of a colt; that
it was in poor condition; that at the defendant's suggestion the
plaintiff allowed him to pasture it, the agreement at the time being
that the plaintiff was to pay the reasonable value of this service;
that after the colt had been in defendant's possession about six
months a demand was made for it on behalf of the plaintiff, accom-
panied by a tender of twenty-five dollars to pay the reasonable value
of defendant's services for its care, but that defendant refused to
deliver up possession. Plaintiff introduced evidence tending to
show that the value of the colt at the time of defendant's refusal to
deliver was between fifty and sixty dollars.

The defendant denied the agreement to take the colt to pasture,
and swore that the colt was a gift to him from the plaintiff. For
the evident purpose, however, of meeting a possible situation where
the jury might believe the plaintiff's testimony, he offered evidence,
which was received, tending to show the value of the care of the
colt, and also introduced evidence tending to show that the value
of the colt was little or nothing. The jury evidently credited the
plaintiff's story, and found that there was no gift. It rendered a
verdict for thirty-five dollars in favor of the plaintiff, which would
seem to indicate that it made the defendant an allowance for pas-
turage. The learned County Court in reversing the judgment said
that "The case was tried and submitted to the jury upon the theory
that the facts alleged in the answer were not available against the
claim of the plaintiff, because of his infancy. I think this was a
mistaken view of the rights of the parties and that the judgment
should be reversed." There is nothing in the record as it is submit-
ted to this court to indicate that the case was either tried or sub-
mitted to the jury on any such theory. The defendant was allowed
to and did prove by his own evidence and that of a stableman what
the value of the pasturage was, and this evidence was in the case
and proper to be considered by the jury in its deliberations.
The justice did not charge the jury, and the presumption is
that it considered this evidence as well as the other evidence in the
case.

We have examined the rulings adverse to the defendant upon the

admission of evidence, with the result that we are of the opinion that no reversible error was committed by him in that respect.

The judgment of the County Court must, therefore, be reversed and the judgment of the justice of the peace affirmed, with costs in the County Court and in this court to the appellant.

Woodward and Rich, JJ., concurred; Gaynor, J., read for affirmance, with whom Jenks, J., concurred.

Gaynor, J. (dissenting):

It seems to me that the judgment could not be sustained, and that it was properly reversed by the learned county judge. Mr. Justice Hooker may be right in concluding that the jury reached their verdict of thirty-five dollars by deducting the value of the keep, doctoring and care of the colt by the defendant for the seven months from the value of the colt at the time the plaintiff demanded its return. But the trouble is that there was no competent evidence on the plaintiff's side of the value of the colt. There was no testimony on that head on his side except that of the seventeen-year-old plaintiff himself, who testified that the value of the colt was $100. His testimony was objected to on the ground that he was not qualified to give the value, and there is no evidence that he was. The exception to the admission of the evidence was not only technically good, but it was vital. The verdict in respect of the colt's value has no basis. That the defendant gave evidence of such value does not cure the error. If that evidence had been accepted the plaintiff would not have recovered so large a verdict, if at all. The evidence for the defendant of the value of the doctoring, care and keep of the sick colt, (eighty-four dollars, i. e., twelve dollars a month) was of a sum larger than the evidence on his side of the value of the colt.

The judgment should be affirmed.

Jenks, J., concurred.

Judgment of the County Court of Orange county reversed, and judgment of the Justice's Court restored, with costs.